IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFFORD MILLER, | ) |
| | ) |
|        Plaintiff, | ) |
|   -vs- | ) |
| | ) Civil Action No. 06-1258 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|        Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 10 and 15). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 11 and 16). Plaintiff also has filed a Reply Brief. (Docket No. 17). After careful consideration of the submissions of the parties, and for the reasons discussed below, Plaintiff's Motion (Docket No. 10) is granted and Defendant's Motion (Docket No. 15) is denied.

### I. BACKGROUND

Plaintiff has brought this action under 42 U.S.C. § 405(g), for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act, 42 U.S.C. §§ 401-433.

On February 9, 2005, Plaintiff protectively filed the instant application for DIB

alleging disability since November 15, 2004 due to a severe right-leg injury, continuous pain, head and facial injuries, and internal liver and pancreas problems. (R. 90-95, 103, 106). The state agency denied Plaintiff's application. (R. 64-65). Because the Commissioner randomly selected this case to test modifications to the disability determination process, she eliminated the reconsideration step of the administrative review process and escalated this case to the hearing level. (R. 66-70). Administrative Law Judge John J. Mulrooney ("ALJ") held a hearing on February 27, 2006, at which time Plaintiff, who was represented by counsel, Plaintiff's, wife, and a vocational expert testified. (R. 32-62). On April 19, 2006, the ALJ denied Plaintiff's application for benefits, concluding that Plaintiff retained the residual functional capacity to perform a limited range of sedentary work and finding that Plaintiff is not disabled under the Act. (R. 19, 23). The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision. (R. 5-8). After thus exhausting his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. Plaintiff raises one main issue on appeal:

> Whether the ALJ properly analyzed Plaintiff's claim of disability on the basis of severe pain caused by Reflex Sympathetic Dystrophy ("RSD"). See Pl.'s Br. at 7-21.

II. LEGAL ANALYSIS

A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial

gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. § 404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  Dobrowolsky, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

B. <u>WHETHER THE ALJ ERRED IN DETERMINING THAT PLAINTIFF IS NOT DISABLED ON THE BASIS OF SEVERE PAIN CAUSED BY REFLEX SYMPATHETIC DYSTROPHY</u>

Plaintiff argues that the ALJ erred in determining that Plaintiff is not disabled based on severe pain caused by Reflex Sympathetic Dystrophy Syndrome ("RSD").  Pl.'s Br. at 7-21.  Specifically, Plaintiff contends that the ALJ failed to evaluate Plaintiff's RSD "on its own terms" as required by Social Security Ruling 03-2p, rather than by looking for "objective test results."  Pl.'s Br. at 7-9.

RSD is a chronic pain syndrome most often resulting from even a minor trauma to a single extremity. S.S.R. 03-2p, 2003 WL 22399117 (Oct. 20, 2003). The most common acute clinical manifestations of RSD include complaints of intense pain and findings indicative of autonomic dysfunction at the site of the injury. Id. RSD patients typically report persistent, aching, burning, or searing pain that initially is localized to the site of the injury but may progress beyond the area originally involved. The area usually has increased sensitivity to touch and the degree of reported pain is often out of proportion to the severity of the initial injury. Id.; see also Combs v. Barnhart, No. Civ. A. 03-5526, 2005 WL 1995457, at *1 n.2 (E.D. Pa. Aug. 16, 2005); Brooks v. Barnhart, 428 F. Supp. 2d 1189, 1191-92 (N.D. Ala. 2006); Dorland's Illustrated Medical Dictionary 1851 (31st ed. 2007) (defining RSD[1] as "a chronic pain syndrome of uncertain pathogenesis, usually affecting an extremity and characterized by intense burning pain, changes in skin color and texture, increased skin temperature and sensitivity, sweating, and edema"; RSD often follows a tissue injury, but without demonstrable nerve injury).

In 2003, the Social Security Administration issued a Ruling, SSR 03-2p, explaining its policies for developing and evaluating claims for disability based on RSD. Among other things, the Ruling states that once an impairment based on RSD has been established,[2] "an individual's symptoms and the effect(s) of those

---

[1] RSD is also frequently known as Complex Regional Pain Syndrome, Type I. S.S.R. 03-2p.

[2] For social security purposes, RSD can be established as a medically determinable impairment when consistent complaints of pain accompany one or more of the following documented signs: swelling, autonomic instability, abnormal hair or nail growth, osteoporosis, or involuntary movements of the affected region of the initial injury. S.S.R. 03-2p; see also Combs,

5

symptoms on the individual's ability to function must be considered . . . in assessing the individual's residual functional capacity." S.S.R. 03-2p. When the individual's statements regarding the intensity, persistence, or functionally limiting effects of pain are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the claimant's statements based on a consideration of the entire case record, including third-party information such as evidence from relatives and medical practitioners who have provided services to the claimant and who may or may not be "acceptable medical sources." Id. If "additional information is needed to assess the credibility of the individual's statements about symptoms and their effects, the adjudicator must make every reasonable effort to obtain additional information that could shed light on the credibility of the individual's statements." Id.

The Ruling also notes that "transient findings are characteristic of RSD . . ., and do not affect a finding that a medically determinable impairment is present." Id.[3] Due to the "transitory nature of [RSD's] objective findings and the complicated diagnostic process involved," conflicting evidence in the medical record is not unusual. Id. The ALJ should seek clarification of any such conflicts from the claimant's treating or other medical sources. Id. In this regard, the Ruling directs that the medical opinions of the claimant's treating physicians, particularly those with a longitudinal perspective, are to be accorded great deference and weight.

---

2005 WL 1995457, at *1 n.2.

[3] In this regard, it may be noted in the treatment records that certain symptoms are not present continuously, or may be present at one examination and not appear at another. Id.

Among other things, the Ruling states that "[i]f we find that a treating source's medical opinion on the nature and severity of an individual's impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, the adjudicator will give it controlling weight." Id.

In this case, the ALJ found Plaintiff's RSD of the lower right extremity (in combination with several other conditions) to be a severe impairment within the meaning of the regulations, but found that it was not severe enough to meet or equal any of the listed impairments. The ALJ further found that Plaintiff was unable to perform his past relevant work, but had the residual functional capacity to perform less than a full range of sedentary work, and could perform other work existing in the economy. (R. 17-22).

Plaintiff argues that remand is necessary because the ALJ failed to evaluate his claim of disability due to RSD in accordance with Social Security Ruling 03-2p. I agree. As Plaintiff correctly notes, the ALJ does not refer to SSR 03-2p anywhere in his written decision or elsewhere, nor is it otherwise evident from the face of the decision that the ALJ applied the Ruling. Thus, it is unclear to me whether the ALJ considered SSR 03-2p in making his determination and, if not, whether his conclusion would change in light of that Ruling.

For example, although the ALJ claims to have accorded great weight to the opinions of Plaintiff's treating physicians (R. 21), he relies heavily on brief reports from two one-time examining sources, Dr. Kasdan and Dr. Sauter, in assessing

Plaintiff's credibility and finding that Plaintiff retained the RFC to do some sedentary work. See id. Dr. Kasdan performed an independent medical examination of Plaintiff on February 21, 2005 and opined that Plaintiff was "capable of doing some sedentary-to-light duty work, perhaps twenty-to-thirty hours a week." (R. 21, 222-23). Dr. Sauter, a neurologist, examined Plaintiff on March 4, 2005 and, although he recognized Plaintiff's right leg pain and paresthesias, he concluded that "[t]here is no evidence to support long-term disability." (R. 21, 224-25). Both of these physicians, however, examined Plaintiff prior to his diagnosis with RSD. Moreover, I cannot speculate as to whether the ALJ would have viewed Drs. Kasdan and Sauter's reports differently under SSR 03-2p's guidance regarding the transitory nature of RSD's symptoms and the resultant importance of longitudinal (as opposed to one-time) records of symptoms and treatment. The ALJ also based his decision in part on the lack of objective medical findings although SSR 03-2p suggests that the absence of certain objective findings does not necessarily discredit a claimant's pain complaints or preclude a finding of disability based on RSD.

In addition to the deficiencies in the ALJ's decision, the government does not address either SSR 03-2p or Plaintiff's arguments regarding the same anywhere in its brief. This omission leaves me without guidance as to the Commissioner's position on this issue. In light of the ambiguity in the ALJ's decision and the lack of response from Defendant regarding the same, I have no choice but to remand this case for further clarification and/or consideration of Plaintiff's disability claim and credibility

in light of SSR 03-2p.[4]  See, e.g., McFarland v. Barnhart, No. 04-C-496-S, 2005 WL 1046503 (W.D. Wis. Jan. 3, 2005).

### III. CONCLUSION

In sum, based on the evidence of record, the arguments of counsel, and the briefs filed in support of and in opposition thereto, this case is remanded for consideration of Plaintiff's disability claim in light of Social Security Ruling 03-2p and this Opinion.

### ORDER OF COURT

AND NOW, this **19th** day of July, 2007, after careful consideration, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is GRANTED and this matter is REMANDED for further proceedings consistent with the Opinion attached hereto.  Defendant's Motion for Summary Judgment (Docket No. 15) is DENIED. Judgment is entered in favor of Plaintiff and against Defendant. This case is closed forthwith.

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

---

[4] In so ruling, I do not express any opinion as to the ultimate merits of Plaintiff's disability claim.